# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 16-12486 |
| | : | |
| CRESCENT CITY SCAFFOLD, LLC | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE | : | |
|     PLAINTIFF | : | ADVERSARY NO.__ |
| | : | |
| V. | : | |
| | : | |
| STONE MOUNTAIN ACCESS SYSTEMS, INC. a/k/a STONE MOUNTAIN SCAFFOLD | : | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes David V. Adler, Trustee ("Trustee" or "Plaintiff") who respectfully represents:

### BACKGROUND AND PARTIES

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2016.

2. David V. Adler is the duly appointed and acting Chapter 7 trustee of the Debtor's bankruptcy estate.

3. Made Defendant herein is Stone Mountain Access Systems, Inc. a/k/a Stone Mountain Scaffold (the "Defendant"), a company and an entity that is subject to the personal jurisdiction of this Court. *See Federal Rule of Bankruptcy* 7004(b)(3), 7004(d), and 7004(f).

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding in that this adversary

3236983-1

proceeding arises under and in Title 11 of the United States Code in the bankruptcy proceedings of the Debtor being administered as Case No. 16-12486 "B" on the docket of this Court.

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding has been brought in accordance with FRBP 7001 and 7004.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preference Transfers - 11 U.S.C. § 547)

6. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

7. On August 11, 2016, within 90 days of the filing of the bankruptcy case (the "Preference Period"), Debtor made transfers to the Defendant totaling at least $19,000 (the "Transfers").

8. The Transfers were made at a time when Debtor was insolvent as evidenced by, among other things, Debtor's business records, tax returns, bankruptcy schedules, Chapter 7 filings, and proofs of claim filed in this case. Plaintiff is also entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. § 547(f). The Transfers were made in payment of outstanding invoices from Defendant to Debtor for goods and/or services provided to Debtor prior to the payments, and were transfers on account of an antecedent debt Debtor owed to the Defendant.

9. The Transfers were transfers of property of Debtor to or for the benefit of the Defendant, who was a creditor of Debtor at the time of the transfers. The Transfers were to or for the benefit of a creditor within the meaning of 11U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by Debtor to Defendant. The Transfers enabled the

3236983-1

Defendant to receive more than it would have received under Chapter 7 of the Bankruptcy Code had the transfers not been made, and had Defendant received payment of such debt to the extent provided under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

11. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT II
**(To Avoid Fraudulent Conveyances Pursuant to 11 U.S.C. § 548(a)(1)(B))**

12. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

13. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt, Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"), and Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s).

14. The Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT III
**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

15. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

16. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b) and any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548. The Transfers and any Potentially Fraudulent Transfers are collectively referred to herein as "All Avoidable

Transfers."

17. Defendant was the initial transferee of All Avoidable Transfers, or the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoidable Transfers were made.

18. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant All Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))

19. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

20. Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

21. Defendant is a transferee of All Avoidable Transfers avoidable under 11 U.S.C. §§547 and/or 548.

24. Defendant has not paid the amount of All Avoidable Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

25. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtor's chapter 7 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoidable Transfers, plus interest thereon and costs.

26. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendant, and/or its assignee, against the Debtor's chapter 7 estates or Plaintiff previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the All Avoidable Transfers.

## RESERVATION OF RIGHTS

27. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover All Avoidable Transfers made by Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding All Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. § 542, § 544, § 545, § 548 and § 549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendant:

A. That All Avoidable Transfers which are avoidable under 11 U.S.C. §§ 547 and/or 548 be avoided;

B. That All Avoidable Transfers, to the extent that they are avoided pursuant to 11 U.S.C. §§ 547 and/or 548, be recovered by Plaintiff pursuant to 11 U.S.C. §550;

C. Disallowing, in accordance with 11 U.S.C. § 502 (d), any claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502 (j), any claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post-judgment interest at the maximum legal rate running from the date of

3236983-1

    judgment herein until the date the judgment is paid in full, plus all costs of this action;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff;

H. Granting Plaintiff such other and further relief as the Court deems just and proper

        Respectfully submitted,

        CHAFFE McCALL, LLP
        2300 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana 70163-2300
        Telephone: (504) 585-7000
        Fax: (504) 585-7075

        By: */s/ Fernand L. Laudumiey, IV*
           David J. Messina, #18341
           Fernand L. Laudumiey, IV, #24518
        Attorneys for David V. Adler, Trustee

**Please Issue Summons To:**

Incorp Services, Inc.
Registered Agent
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816

Scott Billish
President
4053 May Street
Hillside, IL 60162