## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:                                   :        CASE NO. 16-12486
                                         :
CRESCENT CITY SCAFFOLD, LLC              :        SECTION "B"
                                         :
DEBTOR                                   :        CHAPTER 7

### MOTION TO COMPROMISE

**NOW INTO COURT,** through undersigned counsel, comes David V. Adler, Chapter 7 trustee of the captioned estate ("Trustee"), who respectfully represents:

### Jurisdiction, Venue, and Parties

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2.      The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2016.

3.      Applicant is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

### Factual Background/Compromise

4.      In reviewing the financial records of the Debtor, the Trustee identified Stone Mountain Access Systems, Inc. a/k/a Stone Mountain Scaffold ("Stone Mountain") as having received a payment of $19,000 ("Transfer") within the ninety (90) days prior to the bankruptcy filing that could potentially be avoided under 11 U.S.C. §547.

5.      On September 19, 2018, the Trustee commenced an Adversary Proceeding in this Court styled as *David v. Adler, Trustee v. Stone Mountain Access Systems, Inc.,* Adv. Proc. No. 18-1119 ("Adversary Proceeding").

6.      Subsequent to the filing of the Adversary Proceeding, the parties through counsel discussed the alleged defenses of Stone Mountain. After negotiations, the parties have agreed to compromise the matter as follows: (i) Stone Mountain shall make a one-time lump sum payment of $16,150 (85% of the total amount claimed) subject to this Court's approval and (ii) Stone Mountain shall be authorized to file a general unsecured claim in the amount of the payment within 30 days of the entry of the order approving compromise, which claim shall be treated as an allowed claim[1], (iii) the Trustee shall dismiss the Adversary Proceeding with prejudice once the compromise order becomes final, and (iv) and (out of an abundance of caution) Stone Mountain reserves its rights to pursue any claims against non-debtor parties that may have arisen as a result of the filing and settlement of the adversary proceeding.

7.      Payment shall be made to the Trustee prior to the hearing on this matter, which payment will be held in trust pending court approval.

## Basis for Relief

8.      Bankruptcy Rule 9019(a) provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Fed. R. Bankr. P. 9019(a).

9.      Under applicable Fifth Circuit law, the proposed settlement agreement should be approved as long as it is "fair and equitable and in the best interest of the estate." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (Matter of Foster Mtg. Corp.),* 68 F.3d 914, 917 (5th Cir.

---

[1] If litigation was commenced and this matter went to trial, Stone Mountain would have a right under 11 U.S.C. §502(h) to file a claim in the amount of the Trustee's recovery.

1996). In determining whether the proposed settlement agreement meets this standard, this Court should consider the following factors:

    (a)    the probability of success in litigation, with due consideration for the uncertainty in fact and law;

    (b)    the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

    (c)    all other facts bearing on the wisdom of the compromise, including, among other things, the best interest of creditors with proper deference to their expressed views, and whether the settlement was negotiated at arm's length.

*See Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (Matter of Cajun Elec*. Power Coop., Inc.), 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted).

    10.    The Trustee believes that a compromise on these terms should be approved by the Court because it is fair and equitable and in the best interest of the estate. The proposed compromise provides the estate with an immediate payment of $16,150 in connection with the preference claim, representing 85% of the total amount claimed in the Adversary Proceeding. Moreover, the proposed compromise dispenses with the need to continue with the Adversary Proceeding, to bring the matter to trial, and to engage in protracted, time consuming, and costly litigation relating to the Transfers.

    11.    The proposed compromise was the result of arm's-length negotiations by sophisticated parties, and effectuates a speedy and just resolution of all matters and disputes between the parties relating to the Transfers. The proposed compromise also places due consideration on the probability of success by the Trustee in obtaining a more favorable outcome for the creditors of the estate should these matters proceed to litigation and trial, and particularly takes into consideration the expense and delay associated with a litigation of the disputed issues.

**WHEREFORE**, the Trustee respectfully requests entry of an order: (a) approving the compromise on the terms and conditions set forth herein; (b) authorizing the Trustee to take all necessary steps to implement the compromise, including the authorization to execute such documents and agreements as may be necessary to give the compromise full force and effect; and (c) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

CHAFFE McCALL, LLP
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Fax: (504) 585-7075

By:   /s/ Fernand L. Laudumiey, IV
     David J. Messina, #18341
     Fernand L. Laudumiey, IV, #24518